## CHARLEY LAFLOUR v. THE STATE.

### No. 180. Decided June 15, 1910.

**1.—Theft of Cattle—Other Transactions—Election by State.**

Where, upon trial of theft of a cow, the evidence showed that the theft was one and the same transaction and the testimony showed that another cow was killed and taken at the same time and place as the one alleged in the indictment, and there was no request for an election by the State, or to limit the testimony, there was no reversible error.

**2.—Same—Misconduct of Jury—Declaration of Juror after Verdict.**

Where, upon motion for new trial, it appeared that the declarations by the juror to which objection was taken were made after the verdict was returned and the jury dispersed, there was no error in overruling the motion.

**3.—Same—Newly Discovered Evidence.**

Where the motion for new trial made no showing that the alleged newly discovered testimony could not have been procured by the use of due diligence before the trial or during the trial, there was no error in overruling the same.

**4.—Same—Sufficiency of the Evidence.**

Where, upon trial of theft of cattle, the evidence sustained the conviction, there was no error in overruling a motion for new trial on this ground.

Appeal from the District Court of Jefferson. Tried below before the Hon. W. H. Pope.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*V. A. Collins* and *B. E. Moore,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was charged by indictment filed in the District Court of Jefferson County on the 5th day of December, 1908, with the theft of one head of cattle, the property of J. J. Burrell. He was put on trial on April 1, of this year, and as a result thereof found guilty by the jury, and his punishment assessed at confinement in the penitentiary for a period of two years.

The evidence shows that about the time charged in the indictment a cow, the property of J. J. Burrell, marked D. L. on the right hip, was found killed and partly skinned some fifteen miles from the town of Beaumont. Two of the witnesses identified appellant as being at or near the cow when discovered. In a day or two after this two hides were offered for sale by appellant, one of which corresponded in color and in brand with the Burrell cow, with the theft of which he was charged. In addition to this the witness Hebert cut a piece of the hide from the cow's neck, which was left untouched, and this fitted into the hide on which the D. L. mark appeared offered for sale by appellant. All the facts, which we have carefully examined, leave no doubt in our minds of the identity of the cow or of appellant's complicity in her theft. There was some evidence introduced without objection that another cow was found on the same day as the one above referred to, and the two hides were offered by appellant.

1. On motion for a new trial complaint was made that the court should have instructed the jury with reference to the testimony concerning the cow not named in the indictment here, and have required the county attorney to elect as to which cow defendant was on his trial for stealing. As all the evidence shows that the other cow did not belong to Burrell, and as the charge in terms required the jury to find the ownership in Burrell, it is clear that at the time presented there was no merit in this ground of the motion. Again, the court states that he told the jury that they could not consider the evidence of the taking of the other cow as proof of theft of appellant in this case. Nor was there any request for an election, if such request should in any event have been granted.

2. In his motion for a new trial appellant complains that one of the jurors had discussed the fact that he did not testify in his own behalf, and that this was taken by the jury, or at least by one of

them, as a circumstance against him. This matter appears in the testimony not of the juror himself, but of one W. A. Johnson, who testified that one Charles Bryant stated to him, in the office of appellant's counsel, that if the defendant had gone on the witness stand and testified in his own behalf, and even if he had stated that he and his family were hungry and he killed the cow in order to get something to eat, that he would not have convicted defendant, but would have acquitted him. It will be observed that this statement does not go to the effect that Bryant admitted such remark was made while he was a juror, but was made after the verdict was returned, and evidently was meant to be understood as declaring, without reference to his guilt, if defendant had stated that he had killed the cow to satisfy the hunger of himself and family, that he would not have convicted him. We do not think the verdict of the jury should be impeached for an idle declaration of this kind made after the verdict is returned and the jury dispersed.

3. Again, it is urged that the court should have granted a new trial in order to secure certain testimony, which it is claimed could be adduced on another trial. This testimony relates to weather observations covering the period of the alleged theft and the opinion of a witness who claimed to have expert knowledge with reference to the period in which putrefaction and decay would set up in a fresh hide. There is no showing made that this testimony could not have been procured by the use of due diligence before the trial or during the trial. It is the duty of all litigants to prepare their cases for trial with reasonable diligence, and courts should set their faces strongly against opening up judgments for newly discovered testimony, except in cases where the existence of such testimony was not known and could not have been discovered by reasonable care and diligence.

As presented, there is no ground shown why the verdict of conviction should not be affirmed, as is now done.

*Affirmed.*

ON REHEARING.

June 15, 1910.

COBB, Special Judge.—On November 17, 1909, in an opinion by Judge Ramsey, the judgment of conviction in this case was affirmed. In his motion for rehearing, filed December 2, 1909, appellant insists, first, that the evidence was insufficient to sustain the conviction. The testimony shows that B. C. Hebert, Lewy Hebert, —— Bragg, George Lewis, Ed Williams, and Bud Bowie, on the evening of November 25, 1908, were rounding up cattle twelve or fifteen miles from Beaumont. That between three and four o'clock George Lewis, while driving in an animal, discovered appellant skinning a blue cow in a skirt of timber four or five hundred yards from where the other parties were. The cow had been recently killed by a

rifle ball in the forehead. That as the parties were returning from the place where the blue cow was found, they discovered another cow about one hundred yards from the blue cow recently skinned, also shot in the head with a rifle. Some of the parties went back to the scene on November 26, about three or four o'clock p. m., and found that the blue cow had been skinned. B. C. Hebert took from the faces of each cow a piece of hide. They saw shoe tracks, and tracks that looked like they had been made by a round stick, and horse and wagon tracks. When the pieces of skin were applied to the hides they fitted in exactly. On November 26 appellant was seen going out in the direction of where the cows were found. Charles Cabiness testifies that after being informed of the killing of the cows he watched appellant's house. That appellant came in after 11 o'clock p. m., November 26, in a wagon, to which he worked two horses; that after appellant had gone into his house witness found two skinning knives and a whet rock in the wagon. That the next morning he saw appellant go out in the direction of the place where the cows were found, and saw him come in that evening about 7 o'clock. That the next morning, the 28th, appellant brought the hides to Finnigan & Co., hide dealers, in a sack under a coat in the wagon. Both hides had fresh blood on them. George Lewis says when he saw appellant on the evening of the 25th; he had his gun pointing at him, and that his wagon and horses were there. That witness was whooping and holloing and popping his whip, driving cattle through the woods when he came upon appellant. Appellant has only one leg, that is, he has a peg leg. Bud Bowie says he saw appellant driving away from the place as fast as he could that evening, the 25th.

We think the evidence sufficient to show that appellant took the cow. There is raised no question as to the ownership or nonconsent of owner.

2. The second ground of the motion is that the trial court should have limited the testimony regarding the other cow, and have required an election, since there was an indictment pending for the theft of the other cow from the same owner, and neither indictment distinguished the one cow from the other; that hence appellant did not know which charge of theft he had to meet, and in this connection appellant raises the point whether a verbal instruction limiting the evidence was allowable, insisting that all charges in felony cases must be in writing. It is not claimed that a written request for instruction on this point was submitted. We think trial courts should, where the necessity arises, give written instructions regarding the limiting of the purpose for which evidence may be considered, but we do not think under the facts of this case, since appellant did not make a request for the charge, that there was such error as he can complain of. This being a case of circumstantial evidence, the State was properly permitted to prove all the facts regarding both

and each of the cows. They were doubtless killed by similar balls from the same gun, and all the testimony connecting appellant with the taking off of these bovines, and the taking off of their hides, shows that he in one act—one transaction—appropriated the two cows belonging to one owner. There is no single circumstance relative to the other cow that suggests another time or place of taking than the very time and place of taking the blue cow. In a word appellant committed but one theft in taking both, and the State, after securing a conviction for taking one, could not ask for a conviction for taking the other.

3. Appellant urges with much ingenuity and force that the remarks attributed to juror Bryant in the ex parte affidavit of W. A. Johnson proved that said juror took as a "circumstance against him appellant's failure to testify." Counsel limits this contention by the elimination of any claim that any juror discussed appellant's failure to testify. He says he complains that immediately after the verdict the juror stated "that if appellant had testified, even if he had admitted he killed the cow because he was hungry and did it to get something to eat for himself, wife and children, that he would not have convicted him." We are satisfied with the treatment of this matter in the original opinion. At most the waiver of proof by the county attorney leaves the allegation in the affidavit undisputed and proved, but this court is not put in possession of any of the circumstances of the juror's statement. Many men are prone to agree with the present audience, indisposed to combat opposing views, and sometimes apologize for their conduct when sure they are right if confronted with those who did not approve. It devolved upon appellant to develop, if he could, all the circumstances favorable to his motion, and we take it that he did so.

4. As to the fourth ground of the motion: The time of the offense charged is November 25, 1908, and trial was held April 1, 1909. Appellant was arrested shortly after November 25, to wit: November 28th. He must have known that the State would seek to connect him with the taking of the cattle from which the hides found in his possession on November 28 had been taken. The relation of the hides to the cows is demonstrated by infallible proof. It is not positively shown, but from the evidence it is a fair inference that appellant knew of the fitting of the pieces taken from the faces of the cows to the hides he had in his possession. He was thus put upon notice that he must meet the proof the State would offer. We do not understand that a new trial should be granted for newly discovered evidence unless the party offering it is shown to be without fault in failing to discover it before the trial, and the proposed evidence might probably produce a result contrary to the one reached without it. We are not prepared to say that the evidence proposed was so irreconcilable with the State's testimony as that the jury might have acquitted appellant had the newly discovered evi-

dence been before them. However, we feel safe in holding that appellant was without excuse in his failure to discover the testimony before the trial, and whatever may be true as to the state of the weather on November 25th to 28th, and the time the hides would remain fresh, or in which it would begin to smell, there can be no doubt of the fact that the hides found in appellant's possession were taken from the cows.

Since, in our opinion, appellant has had a fair trial and no error to his prejudice was committed, his motion for rehearing is overruled.

*Overruled.*

McCord, Judge, not sitting.