# OCTOBER, 1924.

## W. L. Reddell v. The State.

No. 8339.   Delivered October 29, 1924.

Rehearing denied February 11, 1925.

**1.—Possessing Intoxicating Liquor—Continuance—Diligence Must be Shown.**

Where, on a trial for possession of intoxicating liquor, a motion for a continuance is presented it will be refused, unless it be shown that due diligence was used to secure the presence of the absent witness, and merely causing a subpoena to be issued is not such diligence. Under all of the authorities it is not sufficient to merely state in the application when the process was issued, but it must be shown that it was also delivered to the officers, and when it was returned, and the date of the return must be such as to show that diligence could not have secured other process, which might have secured the presence of the witness. The application is wholly lacking in diligence, and was properly overruled.

**2.—Same—Evidence—of Numerous Sales—Admissible.**

Where, upon a trial for possession of intoxicating liquor, the state was properly permitted to prove several sales, at or near the time of the alleged possession. Sales of intoxicating liquor contemporaneous with the alleged possession for the purpose of sale, have always been held provable, and no error was committed in allowing the state to prove fully the sale made by appellant the night before. The introduction of the bottle of whisky in question was a part of the proof of sale.

**3.—Same—Bills of Exception—Insufficient—Not Considered.**

Complaint is made by appellant that the case was on the docket of the 60th Judicial District, and no order was made by the judge of the 60th district transferring the cause to the 58th district. A mere statement in the bill of such objection, without some proof of the fact stated, presents nothing upon which this court may act favorably.

**4.—Same—Jeopardy—Plea of—Properly Refused.**

Where appellant sought to interpose a plea of jeopardy of a former conviction in the Federal court for the possession of narcotics, as a bar to a conviction in this case, we cannot agree that the possession of the morphine, and the possession of the whisky for the purpose of sale was one and the same transaction and offense, and the court committed no error in overruling his plea of jeopardy.

Appeal from the District Court of Jefferson County. Tried below before the Hon. Geo. C. O'Brien, Judge.

Appeal from a conviction for possessing · intoxicating liquor; penalty, two years in the penitentiary.

The opinion states the case.

*Howth, Adams, O'Fiel & Hart,* Beaumont, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Jefferson County of possessing intoxicating liquor, and his punishment fixed at two years in the penitentiary.

On the night in question officers went with one Schmidt, who had volunteered to assist them in ferreting out violations of the liquor law, to a point near appellant's place of business. At this place Schmidt, who had a marked ten dollar bill, left the officers and went into appellant's place and, according to his testimony, purchased a quart of whiskey from appellant for which he paid him ten dollars, giving him said marked bill. This quart of whiskey Schmidt carried at once to the officers and it was marked by them and produced before the jury and identified and offered in evidence. It was in testimony that shortly after Schmidt went into appellant's place, the latter left and went to the corner of College and Railroad streets in the city of Beaumont, where his place of business was. Officer Pollock testified that he followed appellant on a bicycle to said house. When appellant got to said house he went into a back room, unlocked a closet door and got five quarts of whiskey which he carried out to his car and thence back to his place of business. The officers later went to said house at College and Railroad streets with a search warrant and upon investigation found there twenty-five bottles of liquor, being whiskey, gin and vermouth. They also found at the same place thirty grains of morphine.

When appellant was arrested that same night the officers searched him and found upon his person the marked bill, which had been given to Schmidt and which he claimed to have paid to appellant for the whiskey in question. The number of the bill was given in testimony. Schmidt also testified that he was in appellant's place on the night before that, on which he was accompanied by the officers, and that on said prior occasion he also purchased whiskey from appellant. In our opinion the facts in evidence amply supported the conviction, which was for the possession of intoxicating liquor for purposes of sale.

There are a number of bills of exception in the record each of which has been carefully examined by us and in none of which do we conceive to be error, but we only notice those briefed by appellant.

Appellant complains of the overruling of his application for a continuance, which was sought on account of the absence of two witnesses. The indictment in this case was returned on April 2, 1923, and appellant was at once arrested. The case was not tried until the 18th of July following. No subpoena or return of the officer thereon was attached to the application for continuance or appears in the record. No process was asked for said witnesses until the 9th of July, and whether it was in or out of county process is not made to appear. The application for continuance does not state the date of

the return of said process, nor is it shown that alias process might not have been sooner issued. Under all the authorities it is not sufficient merely to state in the application when the process was issued, but it must be shown that it was duly delivered to the officer and when it was returned, and the date of the return of the process must be such as to show that diligence could not have secured other process which might have secured the presence of the witnesses. The application was wholly lacking in diligence and was properly overruled.

The second complaint briefed is that the court erred in permitting the State to introduce the bottle of whiskey claimed to have been purchased by Schmidt from appellant on the night previous to the night he was accompanied by the officers. Sales of intoxicating liquor contemporaneous with the alleged possession for the purpose of sale have always been held provable, and no error was committed in allowing the State to prove fully the sale made by appellant on the night before the day he was charged herein. The introduction of the bottle of whiskey in question was part of the proof of sale. The matter presents no erroneous action.

Appellant's third complaint is that the case was on the docket of the 60th Judicial District of said county, and was tried in the 58th district, and that there was no order made by the judge of the 60th district transferring the case to the 58th district. We do not go into the merits of this question because the bill of exceptions attempting to raise it, is not sufficient. It merely states that before announcement of ready the attorney for appellant called the attention of the judge of the 58th district court to the fact that this case was on the docket of the 60th district court and that the indictment was returned in the 60th, and that the case was never transferred to the 58th district court by the judge of the 60th district court. The bill then states that the court overruled said objection and proceeded to try the case. There is no effort made to show that in fact the case had never been transferred, and the mere statement of such objection, without some proof of the truth of the facts stated, presents nothing upon which this court may act favorably. Attempted statements from the record made in the brief cannot be considered by us.

Appellant complains that the court erred in overruling his plea of jeopardy and refusing to allow him to prove that he was immediately arrested and placed in jail by the Federal authorities for the illegal possession of narcotics, to-wit: the morphine that was found by the officers; and that he was convicted and punished therefor in said court. We have no difficulty in concluding that the trial court properly rejected the offered proof in support of the plea of jeopardy. Possession of narcotics, a crime under the Federal stat-

ute, and contemporaneous possession of intoxicating liquor, a crime under the State law, seems to us to be in no legal sense one and the same transaction and offense. We do not believe it possible for appellant to have introduced any proof under a plea having for its basis the possession of the morphine referred to, which could legally identify the two offenses or make them part of the same illegal act or transaction.

Appellant cites the case of La Fleuer v. State, 129 S. W. Rep., 351, where a man by one shot killed two cows. There are numerous authorities holding that where a man by one act, such as a stroke or a shot, injures two or more people he is guilty of but one offense. We are unable to perceive, however, the applicability of these cases. The certified copy of the judgment of the Federal court attached to appellant's plea of former conviction shows that he was charged in that court with purchasing, selling, dispensing and distributing morphine, and that he was convicted of said offense. If there be any basis for appellant's contention that the possession of the morphine and the possession of the whiskey would constitute but one offense, we fail to perceive how he could reason from this that posession of intoxicating liquor and the purchase, sale and dispensing of morphine was one and the same act, transaction and offense.

This disposes of all the contentions of appellant which are set out in the brief. Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In discussing our holding that his application for continuance showed no diligence, appellant insists that one should not be required to apply for process until he had found out the address and exact location of the desired witness, and that the only question which should be held decisive is whether he used diligence in trying to locate the witness so as that he might give his exact address. Manifestly to sustain such contention would put a greater burden upon the accused and would deprive him of much assistance that might be rendered by the officers in searching for witnesses. However, we do not think an academic discussion of this question necessary, but deem our statement of the length of time that appellant allowed before he asked for process sufficient to demonstrate the entire lack of diligence in the case before us.

Debating the correctness of our opinion that by reason of a Federal conviction for a violation of the anti-narcotic law, jeopardy could not arise in favor of one charged with possessing intoxicating liquor for purposes of sale, appellant argues the law of carving and sites Melton v. State, 158 S. W. Rep., 550, and insists that it discusses

a parallel case in holding that one charged with rape might plead jeopardy based on an acquittal or conviction of a charge of bigamy. We are not impressed with the soundness of the opinion cited. Bigamy may be committed without carnal relation and is a crime of wholly different elements from rape, and from its' very nature does not seem to us to be possible of being part of the same act or contemporaneous. The case of Hughes v. Commonwealth, 131 Ky. 502, also cited, states nothing different from the announcement of any decisions of our own court. We think the matter correctly decided in the original opinion.

Appellant presents in connection with his applicattion for certiorari, or in lieu thereof, certified copies of certain docket orders made in the courts below, one appearing to have been made by the judge of the 60th district and one by the judge of the 58th district. If we comprehend these at all they show that this case was originally in the 58th district, where it was finally tried.

Not being in accord with any of the contentions, the motion is overruled.

*Overruled.*