## O'FIEL et al. v. REDELL. (No. 1443.)*

Court of Civil Appeals of Texas. Beaumont.
July 7, 1927.

Rehearing Denied Sept. 1, 1927.

1. **Attorney and client ⟡166(1)—Evidence held insufficient as matter of law to support jury's finding that sum deposited with attorneys as indemnity for bonds was not for payment of legal services.**

In suit to recover money deposited with attorneys for purpose of indemnifying them in securing certain surety bonds, evidence *held* insufficient as matter of law to support jury's finding that there was no subsequent agreement that such sum so deposited was to be retained at conclusion of legal services thereafter rendered by attorneys and fees to be taken or reserved out of such sum.

2. **Evidence ⟡20(1)—It is common knowledge that lawyers do not furnish services to clients accused of crime without assurance of compensation.**

It is matter of common knowledge that active and competent lawyers do not furnish to clients, accused of crime and unable to secure bail, their legal services, without some understanding and assurance that they are to be compensated.

3. **Appeal and error ⟡1001(1)—Appellate court has duty of setting aside jury's verdict without reasonable support in evidence.**

Court of Civil Appeals has authority and duty to set aside jury's verdict, where in opinion of court such verdict is without reasonable support in evidence.

Appeal from District Court, Jefferson County; Geo. C. O'Brien, Judge.

Suit by Ada Redell against David E. O'Fiel and another. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Jas. A. Harrison, Howth, Adams & Hart, and David E. O'Fiel, all of Beaumont, for appellants.

C. A. Lord, of Beaumont, and T. E. Welch, of Port Neches, for appellee.

HIGHTOWER, C. J. This suit was filed in one of the district courts of Jefferson county by the appellee, Mrs. Ada Redell, against appellants, C. W. Howth and David E. O'Fiel, to recover $1,000 and interest claimed thereon, which amount of money appellee alleged she delivered to appellants for the purpose of indemnifying appellants in making or causing to be made two certain surety bonds, one in the sum of $1,000, and the other in the sum of $500, before the United States commissioner at Beaumont, Tex., conditioned for the appearance of W. L. Redell, who was, at the time, the husband of appellee, to answer a charge before the District Court of the United States for the Eastern District of Texas, at Beaumont, at its April term, 1923, on the charge of unlawfully having in his possession, and of unlawfully disposing of, narcotics, and of illegally having in his possession, and of illegally disposing of, liquor, in violation of the laws of the United States.

Appellee alleged that appellants were partners, and were engaged in the general practice of law at the time she delivered to them the $1,000 for the purpose above stated, and that appellants were, at the time, representing the said W. L. Redell. She alleged that appellants represented to her that they would become sureties on said bonds for her husband, and that they would procure the release of him from custody, but that it would be necessary for her to deposit with appellants the sum of $1,000, for their protection in making bonds for her husband, and that she did deliver the $1,000 to appellants for the purpose only of protecting them in making bonds for her husband.

Appellee further alleged, in substance, that all the charges that had been made against the said W. L. Redell had been disposed of, and that he had complied in all respects with the conditions of the bonds that appellants had made and caused to be made for him, and that appellants no longer had any right to withhold from her the $1,000 in cash that she had placed with them for the purpose of protecting them in making and causing to be made the bonds for the said W. L. Redell in the criminal cases that had been filed against him.

Appellants answered by general demurrer and general denial, and then specially averred, in substance, that it was true, as alleged by appellee, that the $1,000 sued for by appellee was delivered to them by her for the purpose of indemnifying them in making or causing to be made bonds for her then husband, W. L. Redell, in the criminal charges then pending against him before the United States commissioner at Beaumont, Tex., but that thereafter it was verbally agreed between appellee and her then husband, W. L. Redell, and appellants that appellants would represent, as attorneys, the said Redell in the criminal offenses that were charged against him, and that appellants would also represent, as attorneys, the appellee in criminal charges that had been made against her in the District Court of the United States for the Eastern District of Texas, and also that appellants would represent and defend the said W. L. Redell in two criminal offenses charged against him for violation of the liquor law of Texas, and that for all legal services that appellants should furnish to appellee and her then husband, W. L. Redell, they should receive and be paid a reasonable fee, and that the $1,000 in cash that was originally placed in their hands for the purpose of indemnifying appellants, as before stated, should be used and applied by them

⟡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error granted November 30, 1927.

in payment for their legal services to appellee and her then husband.

Appellants further averred, in substance, that they, in compliance with the verbal agreement between themselves and appellee and her said husband, W. L. Redell, did represent appellee and the said W. L. Redell in all the criminal charges that were made against them, both in the federal and state courts, and did make and cause to be made bonds for them, as appellants had agreed to do, and continued to represent appellee and her then husband, W. L. Redell, until all the criminal charges against them were finally disposed of. In that connection, appellants' answer showed the amount claimed by them for legal services furnished to appellee and her then husband in each criminal case against them, and alleged that the fee claimed by them in each case was a reasonable fee for the services, and that none of such fees were ever paid, in whole or in part, by appellee or the said W. L. Redell. Appellants then alleged that, after they had fully discharged their duties as attorneys for appelleé and her said husband, and after all the criminal charges against them were finally concluded and disposed of, they applied the $1,000 that had been left in their hands in payment for their legal services, which services, they allege, were worth considerably more than the sum of $1,000. Their prayer was that appellee be denied any recovery against them.

The case was tried with a jury, and was submitted upon special issues, and upon the verdict as returned judgment was entered in favor of appellee against appellants for $1,155, with interest on that amount from the date of the judgment at the rate of 6 per cent. per annum.

Appellants advance in their brief quite a number of assignments of error, challenging the verdict of the jury and the judgment thereon, but we have concluded that all of appellants' assignments of error should be overruled, with the exception of that which challenges the answer of the jury to the third special issue submitted, on the ground that that answer is without support in the evidence.

Special issue No. 3 was as follows:

"Did Mrs. Ada Redell, alone or together with her husband, W. L. Redell, agree that the $1,000 so deposited was to be kept and held by Howth & O'Fiel, and that at the conclusion of the legal services, if any, that should be rendered by said Howth & O'Fiel, the fees for such services, if any, should be taken out of or reserved out of said $1,000, by the said Howth & O'Fiel?"

To this issue the jury answered, "No."

[1] We have carefully read the entire statement of facts in this case, and have concluded that the evidence bearing upon special issue No. 3 is overwhelmingly opposed to the answer of the jury to that issue, and that it is the duty of this court to set aside that portion of the jury's verdict which necessarily results in a reversal of this judgment.

The evidence in this record shows that, about the 1st of March, 1923, W. L. Redell, at that time the husband of appellee, was arrested by federal prohibition officers in the city of Beaumont, who filed charges against him before the United States commissioner at Beaumont for violation of the National Prohibition Law (27 USCA). He was placed in jail on those charges, and was unable to make bond, and appellee approached David E. O'Fiel, a member of the law firm of Howth & O'Fiel, for legal advice and assistance in making bond for the said W. L. Redell. Mr. O'Fiel at once began to procure bondsmen for W. L. Redell, and succeeded in having bonds made for him in the two criminal charges that were pending against him before the United States commissioner, and he was released from custody. Afterwards, when the District Court of the United States for the Eastern District of Texas convened, W. L. Redell was indicted by the grand jury in that court on both the charges that had been made against him before the United States commissioner, and appellee herself was also indicted in two cases in the same court at the same time; both of them being for violation of the National Prohibition Law. Appellants, at the request of appellee and her husband, represented both of them in all the criminal charges that were pending against them in the United States District Court. Appellee herself pleaded guilty to one of the charges against her and got off with a light fine.

Shortly after W. L. Redell was arrested by federal authorities, he was also arrested by the sheriff of Jefferson county on two charges of violating the prohibition law of this state (Vernon's Ann. Civ. St. 1925, arts. 5075-5114), and was confined in the county jail to await the action of the grand jury. Thereupon appellants, at the request of appellee and W. L. Redell, procured and caused to be made bond for W. L. Redell in both cases in which he was charged with violating the state prohibition law. Thereafter, and after he had been indicted by the state grand jury on one of the charges filed against him by the sheriff of Jefferson county, appellants, at the request of appellee and said W. L. Redell, represented him on his trial in the district court, and he was convicted on that charge and sentenced to the state penitentiary. Appellants then, at the request of appellee and her said husband, moved for a new trial for Redell, and, that being overruled, appellants appealed the case to the Court of Criminal Appeals of this state (268 S. W. 458), and there sought to reverse the judgment of conviction against Redell, but failed to do so. While that case

was pending in the Court of Criminal Appeals, Mr. O'Fiel made two trips to the city of Austin in behalf of Redell, and orally argued the case before the appellate court. The undisputed proof shows that Mr. O'Fiel paid out of his own means more than $100 in preparing Redell's case for appeal and for expenses while attending the Court of Criminal Appeals in Redell's behalf.

The appellee, Mrs. Ada Redell, testified in this case that for all the services that appellants had rendered in her behalf and that of her husband they had been paid only $50. Mr. O'Fiel testified that his firm had never been paid as much as a dime for all the legal services they furnished appellee and her husband. Appellee at one point in her evidence testified that appellants never represented her at all in any case, and that they did not represent her husband at her request, and that she did not agree at any time to pay appellants for representing her or for representing her husband in any case. After having so testified, she did admit that appellants did represent her in one of the cases against her in the federal court. She further testified that appellants were given no security of any character, so far as she knew, for the payment of the legal services that they were expected to furnish and did furnish appellee and her husband. She admitted, as we understand her, in this record, that appellants had never made demand of her or her husband for payment of any services furnished to them, and the record shows, without dispute, that appellants never at any time made any demand on appellee or Redell for payment for their services or for the return of the expense money which Mr. O'Fiel was out in connection with the charge against Redell before the Court of Criminal Appeals. The record shows, without dispute, that the legal services furnished by appellants to appellee and her husband in connection with all the criminal charges against them were worth considerably more than $1,000. This was shown by reputable and competent attorneys at law, who were disinterested witnesses in this case.

The appellant O'Fiel testified, in substance, that, shortly after the $1,000 in cash had been left with his firm by appellee, for the purpose of indemnifying appellants in making or causing to be made bonds for Redell, it was agreed verbally between appellee and her husband and Mr. O'Fiel that his firm would represent and defend appellee and her husband in each and all of the criminal charges against them, both in the federal and state courts, and that his firm should be paid a reasonable fee for such services in each case, and that they might apply the $1,000 in cash in payment of their fees after the criminal charges were all disposed of. Mr. O'Fiel further testified that his firm had never had at any time any kind of security for the payment of their legal services, and had never asked for any, other than the agreement that the $1,000 that had originally been deposited for bond purposes should stand good for the payment of their legal services.

[2, 3] Notwithstanding the above-stated facts and circumstances, the jury in this case found, as we have shown, that there was no agreement between appellee and appellants that they should be paid for their legal services out of the $1,000 that had originally been deposited with them as bond money. We think that this conclusion of the jury, upon the facts and circumstances touching that issue, is so unreasonable that this court is clearly justified, and that it is its duty, to set aside the jury's verdict. We say that this finding of the jury was unreasonable because it does not stand to reason that a firm of competent lawyers, actively engaged in the practice of their profession, would represent such clients as appellee and her husband on charges such as were made against them, and so many of them, without some assurance that they would be compensated for their services. And what assurance could appellants have had other than to look to the $1,000 in their hands for the payment of their legal services? There was appellee's husband charged in both state and federal courts with violations of the law, and was unable to make bond for his release without the assistance of appellants. How could appellants have expected a man in that condition to be able to pay them for their legal services in all the cases in which they were representing him? In addition to their legal services furnished appellee and her husband, the undisputed evidence shows, as we have stated, that Mr. O'Fiel actually paid out of his own pocket more than $100 in connection with the case in which Redell was convicted and sentenced to the penitentiary. And, then there is the further circumstance, admitted by appellee, that appellants never asked Redell or herself for security for payment for their services, but just went along for nearly two years furnishing legal services without knowing where the money was to come from to pay them. We think it is a matter of common knowledge that active and competent practitioners at the bar do not furnish to such clients as appellee and her husband were their legal services without some understanding and assurance that they are to be compensated. We are not unmindful that as a general rule the appellate courts of this state will not set aside a jury's finding on an issue of fact where it has reasonable support in the evidence, and this court has, on numerous occasions, announced and adhered to that rule. But this court has the authority, and, indeed, it is made its duty, to set aside a jury's verdict where, in the opinion of this court, such verdict is without reasonable support in the evidence, and especially

should we discharge that duty in a case where, as here, a flagrant injustice would be done appellants if the verdict were permitted to stand.

It results from these conclusions that the judgment should be reversed and the cause remanded, and such has been our order.